DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Toledo Municipal Court, wherein appellant, Jeffrey Ronald Dusseau, was convicted of driving with a prohibited breath alcohol level in violation of R.C. 4511.19(A)(3), of driving under the influence of alcohol in violation of R.C. 4511.19(A) (1), of driving left of center in violation of R.C. 4511.25 and of operating a motor vehicle without a functioning license plate light in violation of R.C. 4513.05.
A jury trial was held on the charge of driving under the influence of alcohol and driving with a prohibited blood alcohol concentration level. Appellant offered expert testimony challenging the accuracy and reliability of the BAC DataMaster machine used to measure the blood alcohol concentration level in appellant's breath. At the close of all evidence the trial court provided the jury with instructions and jury verdict forms. In his instructions, the judge read the statutory definition of each of the charged offenses. He then went on to define (1) under the influence; (2)operate; (3) vehicle; (4) alcohol, (5) beer, malt liquor, or malt beverages; and (6) expert witness. He later discussed each of the verdict forms, again providing the jury with a separate statutory definition of each offense.
After the jury retired to deliberate, appellant's trial counsel approached the bench and asked the court to give the jury an explanation of the elements of R.C. 4511.19(A)(3) and the weight to be given to BAC DataMaster test results. The court agreed to provide a limited instruction on the weight of the test results. Appellant's trial counsel agreed to this instruction, saying, "Okay, that's fine. Thank you." The jury returned to the courtroom where the judge recharged the jury on the elements of both counts and then stated:
 "I would simply say to you the evidence has been admitted about the results of a test given to the defendant to establish a concentration of alcohol in the defendant's blood. You must evaluate all the evidence regarding the test and its accuracy and, of course, your collective memory will let you know what the test was and what the evidence was pertaining to that."
The jury returned verdicts, on separate forms, of guilty to a violation of R.C. 4511.19(A)(1) and to R.C. 4511.19(A)(3). Appellant was sentenced on only one of the convictions.
Appellant appeals and asserts the following assignments of error:
 "1. THE JURY INSTRUCTIONS WERE IMPROPER BECAUSE OF THEIR FAILURE TO DISTINGUISH R.C. 4511.19(A)(1) AND R.C. 4511.19(A)(3) AS SEPARATE OFFENSES AND THEREFORE THE INSTRUCTIONS WERE BOTH CONFUSING AND MISLEADING AND CONSTITUTED PREJUDICIAL ERROR."
 "THE COURT COMMITTED PREJUDICIAL ERROR BY APPEARING TO COMBINE THE JURY INSTRUCTIONS FOR R.C. 4511.19(A)(1) AND R.C. 4511.19(A) (3). IT COULD BE PRESUMED THAT A REASONABLE PERSON SITTING ON THIS JURY MIGHT INFER BASED ON THE MANNER THE JURY INSTRUCTIONS WERE PRESENTED THAT IF APPELLANT WAS FOUND GUILTY OF ONE OFFENSE HE WAS AUTOMATICALLY GUILTY OF THE OTHER OFFENSE."
In his first assignment of error, appellant contends that the trial judge's failure to set forth R.C. 4511.19(A)(1) and R.C. 4511.19(A)(3)as two separate and distinct offenses in his jury instructions was confusing and misleading to the jury.
He argues that this had the effect of merging the two offenses into one offense. Appellant claims that the court's failure to follow the mandates of 4 OJI (1997) 499, Section 545.25 and 4 OJI (1997) 502, Section 545.27(A) was prejudicial to his case. In his second assignment of error, appellant maintains that this failure to distinguish the offenses in the jury instructions created the possibility that the jurors may have automatically presumed that if appellant was guilty of one offense, he was guilty of the other offense. Because we find no error in the instructions to the jury, we conclude that both of appellant's assignments of error lack merit.
We first note that the instructions found in the Ohio Jury Instructions are recommended, not mandatory. State v. Martens (1993),90 Ohio App.3d 338, 343. Second, we are required to read the municipal court's instructions as a whole. State v. Fears (1999), 86 Ohio St.3d 329,340. In doing so, we find that the court committed no error in its charge. The court gave the jury the statutory definition of each of the offenses, not once, but a total of three times. As to R.C. 4511.19(A)(1), the court also provided several of the definitions recommended in 4 OJI (1997) 499, Section 545.25, including instructions as to expert witnesses and expert testimony. As to the instructions on R.C. 4511.19(A)(3), 4 OJI (1997) 502, Section 545.27(A) tracks the language of the statute. This instruction was given to the jury by the trial judge. This section also includes the evidentiary charge requested by appellant and supplied by the trial court.
Thus, the court's charges to the jury on the elements of the two offenses separated and distinguished those offenses.
In addition, the municipal judge defined the term "evidence," informed the jury that each essential element of the charged offenses must be proven beyond a reasonable doubt and told the jurors that they were the sole arbiters of the credibility of the witnesses. Finally, separate verdict forms, each designated for the two separate offenses, were provided to the jury. Each juror signed the separate guilty verdict form for each of the charged offenses, indicating that the jurors were furnished with the proper jury instructions and understood those instructions. Accordingly, we can find no error in the challenged instructions, and appellant's first and second assignments of error are found not well-taken.
On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Toledo Municipal Court is affirmed. The costs of this appeal are assessed to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 __________________________ RESNICK, M.L., J., Judge
 James R. Sherck, J., Richard W. Knepper, J. CONCUR.